**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DR. JEROME CORSI and LARRY KLAYMAN,<br><br>Plaintiffs,<br><br>v.<br><br>INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, ALEX E. JONES, DAVID JONES, and OWEN SHROYER,<br><br>Defendants. | Civ. Act. No.: 1:19-cv-00656-ESH |

**DEFENDANT DAVID JONES'S REPLY
<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>**

**PRELIMINARY STATEMENT**

Defendant David Jones does not belong in this lawsuit. At a minimum, he should not have to defend himself in this Court, some 1,500 miles from his home, given his lack of any connection to the District of Columbia.

Plaintiffs fail to offer any basis for subjecting David Jones, a citizen of Texas, to this Court's jurisdiction. Plaintiffs also fail to explain why they have even sued David Jones. They do not contend that he made any of the allegedly defamatory statements at issue. They do not allege that he, in particular, did anything to Plaintiffs. They do not allege anything specific that he did, period. They do not offer any legal authority or allegations that could somehow subject him to liability for the allegedly tortious conduct of other Defendants or non-Defendant Roger Stone.

David Jones's only, tangential connection to this matter is two-fold: (1) he is the father of Defendant Alex Jones; and (2) he is the Director of Human Relations for Defendant Free Speech Systems. Neither provides a basis for jurisdiction or liability here. Plaintiffs offer no legitimate

basis for including him in this case. He is barely mentioned in the Complaint. His only mention in Plaintiffs' opposition is in a quote from non-Defendant Stone, who accuses Plaintiff Corsi of propagating lies about David Jones.

David Jones submits this brief, separate from the other Defendants, to underscore that he simply does not belong in this case. He respectfully requests that the Court dismiss him from this action for lack of jurisdiction as well as Plaintiffs' failure to state a claim against him.

## KEY FACTS

David Jones is a citizen of Texas. (Compl. ¶ 9.) He is the Director of Human Relations for Free Speech Systems. (*Id.*) Contrary to Plaintiffs' "information and belief" assertion (Compl. ¶ 9), he has no ownership interest in Defendants Infowars or Free Speech Systems. (Mot. at 4.) Apart from his HR role, he does not manage the business activities of these entities. (*Id.* at 4-5.)

Plaintiffs do not allege any connection between David Jones and the District of Columbia. They do not allege that he, specifically, does or solicits business, engages in a persistent course of conduct, or derives substantial review from goods used or consumed, or services rendered in the District.[1] They do not allege that he made any of the allegedly defamatory statements identified in the Complaint. They do not allege that he, in particular, took any action.

While Plaintiffs allege that David Jones "worked in concert with the other Defendants and Roger Stone and furthered and ratified and furthered [sic] the illegal acts set forth in this Complaint" (Compl. ¶ 9), they provide nothing specific beyond that blanket, conclusory assertion.

---

[1] While they allege that "Defendants, each and every one of them, in concert, do substantial business and promote and sell various goods in this judicial district and nation-wide, including medicine, supplements, and 'tchotchkes' with InfoWars branding" (Compl. ¶ 15), they do not offer anything specific with regard to David Jones.

**ARGUMENT**

**I.     THE COURT SHOULD DISMISS DAVID JONES FOR LACK OF JURISDICTION**

Plaintiffs have failed to establish why David Jones, a Texas citizen with no ties to the District of Columbia, should have to defend himself against Plaintiffs' allegations in this Court.

Plaintiffs acknowledge they have the burden of establishing jurisdiction over David Jones. (Opp. at 6.[2]) They assert, citing *Covey Run v. Washington Capital,* 245 F. Supp. 3d 9, 13 (D.D.C. 2017), that they "need only satisfy the burden of establishing the factual basis for asserting personal jurisdiction with a *prima facie* showing." (Opp. at 6.) As the court in *Covey* explains, however, "[t]o do so, [they] *cannot rest on bare allegations or conclusory statements* but 'must *allege specific acts* connecting the defendant with the forum.'" 245 F. Supp. 3d at 13 (quoting *Second Am. Found. v. U.S. Conf. of Mayors,* 274 F.3d 521, 524 (D.C. Cir. 2001)) (emphasis added). As this court found in *Cockrum v. Donald J. Trump for President,* "Mere conclusions or 'bare allegations' do not constitute the *prima facie* case for jurisdiction that the standard requires." 319 F. Supp. 3d 158, 172 (D.D.C. 2018) (quoting *Fawzi v. Al Jazeera Media Network,* 273 F. Supp. 3d 182, 186 (D.D.C. 2017)).

Plaintiffs have failed to offer anything other than mere conclusions or bare allegations in attempting to connect David Jones to this forum. They do not point to anything specific.

They have also failed to bolster their allegations with any supporting "affidavits and other written materials," as required and which the Court may consider in determining jurisdiction. *Covey,* 245 F. Supp. 3d at 13, 17; *Urban Institute v. FINCON Servs.,* 681 F. Supp. 2d 41, 44 n.5 (D.D.C. 2010). Plaintiffs' "conclusory statements … are not enough" to establish personal jurisdiction. *GTE New Media Servs. v. BellSouth Corp.,* 199 F.3d 1343, 1349 (D.C. Cir. 2000).

---

[2] Since Plaintiffs' opposition does not contain page numbers, page citations are to the page numbers inserted by the Court's CM/ECF system at the top of each page of Plaintiffs' brief.

Plaintiffs' allegations about David Jones are minimal. They correctly allege that he is a citizen of Texas, is the father of Alex Jones, and "holds the official title of Director of Human Relations for Defendant Free Speech Systems." (Compl. ¶ 9.) They incorrectly allege, "on information and belief," that he "is the owner of Defendants InfoWars and Free Speech Systems," "manages the business activities" for these entities as well as "Defendant Alex Jones' other companies," and, along with Alex Jones, owns, controls, and operates InfoWars and Free Speech Systems. (*Id.* ¶¶ 9, 11.) Plaintiffs offer no support for these false assertions, which, in any case, appear to be irrelevant. *Urban Institute,* 681 F. Supp. at 47 (noting plaintiff's failure to refute defendants' assertions in motion to dismiss on jurisdictional grounds that contradicted complaint's "information and belief" allegations). Similarly, they allege, in conclusory fashion, that David Jones "worked in concert with the other Defendants and Roger Stone and furthered and ratified and furthered [sic] the illegal acts set forth in this Complaint." (Compl. ¶ 9.) They offer no support or elaboration with regard to David Jones.

Those are the only specific allegations about David Jones in the 110-paragraph Complaint. Plaintiffs' opposition brief contains only a single mention of David Jones, on page 23, which recites an alleged statement by Roger Stone accusing Plaintiff Corsi of "ma[king] up lies about David Jones." None of the three exhibits accompanying Plaintiffs' opposition has anything to do with David Jones or jurisdiction over any Defendant.

In seeking to establish jurisdiction over Defendants, all of whom Plaintiffs recognize are domiciled in Texas, Plaintiffs attempt to rely on the District's long-arm statute, D.C. Code § 13-423, and the Due Process Clause.[3] Neither provides a basis for jurisdiction over David Jones here.

---

[3] Plaintiffs cannot seriously contend that general jurisdiction exists over David Jones. D.C. Code § 13-422 provides, in pertinent part, that "[a] District of Columbia court may exercise personal

A.     **Plaintiffs Fail to Establish Specific Jurisdiction Over David Jones**

Plaintiffs first contend that specific jurisdiction exists because "Defendants transacts [sic] business in the District of Columbia under D.C. Code § 13-423(a)(1)." (Opp. at 6-7.) Plaintiffs do not identify any business transacted by David Jones specifically in the District. In fact, they do not allege any specific connection David Jones has with the District.

Plaintiffs next contend that "Defendants caused 'tortious injury in the District of Columbia by an act or omission outside the District of Columbia and [they] regularly do[] or solicit[] business, engage[] in any other persistent course of conduct, or derive[] substantial revenue from goods used or consumed, or services rendered, in the District of Columbia,['] under D.C. Code § 13-424(a)(4)." (Opp. at 7.) Plaintiffs' tort claims fall into four basic categories: (1) defamation; (2) intentional infliction of emotional distress; (3) assault; and (4) unfair competition under the Lanham Act. Nowhere in the Complaint, however, is there any allegation that David Jones, in particular, caused tortious injury in the District by making a defamatory statement, taking any action against Plaintiffs to inflict emotional distress, assaulting Plaintiffs, or competing (unfairly or otherwise) with Plaintiffs.[4] Similarly, there is no allegation that David Jones, in particular, does business, engages in other persistent conduct, or derives substantial revenue from the District.[5]

---

jurisdiction over a person domiciled in … or maintaining his … principal place of business in, the District of Columbia." The Complaint acknowledges that David Jones is domiciled in Texas and is the Director of Human Relations for Free Speech Systems, which has its principal offices in Austin, Texas. (Compl. ¶¶ 6, 9.) Plaintiffs do not allege that David Jones works in the District or has any personal contact with the District.

[4] Although there is no allegation of any tort committed by David Jones against Plaintiffs, presumably any injury from any alleged torts would have been sustained in New Jersey and Florida where Plaintiffs Corsi and Klayman respectively reside. (*See* Compl. ¶¶ 4, 5.)

[5] Although they allege that "Defendants, each and every one of them, in concert, do substantial business and promote and sell various goods in this judicial district and nation-wide, including medicine, supplements, and 'tchotchkes' with InfoWars branding" (Compl. ¶ 15), they offer nothing specific about David Jones's role in this. Such conclusory pleading is insufficient for establishing long-arm jurisdiction against David Jones. *See, supra,* p. 3.

5

There are simply no allegations that David Jones did anything to Plaintiffs or that he has any connection to the District.

In apparent recognition of this fatal jurisdictional deficiency, Plaintiffs claim that "the Court may exercise personal jurisdiction stemming not only from the Defendant's personal actions, but also those acting on behalf of the Defendant." (Opp. at 7.) They note that the long-arm statute allows for the exercise of jurisdiction "over a person, who acts directly or by an agent." (*Id.*) However, there is no allegation of actions by another as an agent for David Jones, in particular.

Plaintiffs instead allege, in conclusory form, that David Jones "worked in concert with the other Defendants and Roger Stone and furthered and ratified and furthered [sic] the illegal acts set forth in this Complaint." (Compl. ¶ 9.) However, as the D.C. Circuit recognized in *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 787 (D.C. Cir. 1983), *cert. denied,* 467 U.S. 1210 (1984), conclusory pleading of conspiracy is insufficient to establish personal jurisdiction. In *Naartex,* the court affirmed the dismissal, on jurisdictional grounds, of ten alleged coconspirators where plaintiffs failed to allege any contacts they had with the District "beyond the bald speculation that these ten were alleged co-conspirators." *Id.* According to the court, "Such a conclusionary statement does not constitute the *prima facie* showing necessary to carry the burden of establishing personal jurisdiction." *Id.*; *see Jungquist v. Al Nahyan,* 115 F.3d 1020, 1031 (D.C. Cir. 1997).

As this Court held in *Cockrum*: "if any conspiratorial jurisdiction survives *Walden* [*v. Fiore,* 571 U.S. 277 (2014)], a plaintiff pursuing such a theory must allege that the defendant knew of the co-conspirator's acts in the forum." 319 F. Supp. 3d at 186. The Court noted that "at the very least, a plaintiff needs to meet the Circuit's strict particularity requirement to comport with due process." *Id.* Plaintiffs have not alleged that David Jones knew anything about any acts by the alleged co-conspirators in the District.

In addition, as this Court has recognized, "[s]pecific jurisdiction is tied to each defendant and to each claim." *Cockrum,* 319 F. Supp. 3d at 175. *See Keeton v. Hustler Magazine,* 465 U.S. 770, 781 n.13 (1984) ("Each defendant's contacts with the forum State must be assessed individually."); *Second Amendment Found.,* 274 F.3d at 524 (noting "bare allegation of conspiracy or agency is insufficient to establish personal jurisdiction" and that "plaintiff must allege specific acts connecting the defendant with the forum") (quoting *First Chicago Int'l v. United Exch. Co.,* 836 F.2d 1378 (D.C. Cir. 1988)). In *Vasquez v. Whole Foods Market,* 302 F. Supp. 3d 36, 48-49 (D.D.C. 2018), the court found that it lacked personal jurisdiction over an officer from Texas of the corporate defendant where plaintiffs "offer[ed] nothing to establish that [the officer defendant] *herself* was involved in a 'persistent course of conduct' in the District of Columbia." (Emphasis added.) It noted that plaintiffs could not "'aggregate factual allegations concerning multiple defendants'—or, in this case, impute to [the officer defendant] the acts of other [] employees or agents—'in order to demonstrate personal jurisdiction over' her." *Id.* (quoting *Lars v. Adduci Mastriani & Schaumberg,* 786 F. Supp. 2d 240, 264 (D.D.C. 2011)).

Similarly, in *Mouzon v. Radiancy,* 85 F. Supp. 3d 361, 371-72 (D.D.C. 2015), the court found that jurisdiction over the CEO of a corporate defendant had to be established "based on his own action—separately from the corporation's contacts with the forum state." The court dismissed the CEO on jurisdictional grounds because plaintiffs had failed to establish that the CEO had, in his personal capacity, met the requirements of sections (a)(1) or (a)(4) of the long-arm statute. *Id.; see Bauman v. Butowsky,* No. 18-01191, 2019 WL 1433595, at *4 (D.D.C. Mar. 29, 2019) ("The 'general rule' in our Circuit is that jurisdiction over a corporation does not by itself confer jurisdiction over individual corporate officers.") In addition, "[p]ersonal jurisdiction over officers of a corporation in their individual capacities must be based on their personal contacts with the

7

forum, not their acts and contacts carried out solely in a corporate capacity." *Overseas Partners v. PROGEN,* 15 F. Supp. 2d 47, 51 (D.D.C. 1998).

The Complaint fails to allege any personal contacts between David Jones and the District. (*Cf.* Opp. at 7-9.) As a result, David Jones is not subject to jurisdiction in the District in this action.

### B. Plaintiffs Fail to Establish How Exercising Jurisdiction Over David Jones Would Be Consistent with Due Process

As this Court has recognized, "[t]he Court's exercise of personal jurisdiction over nonresidents must satisfy both the Due Process Clause and D.C.'s long-arm statute." *Cockrum,* 319 F. Supp. 3d at 173. With regard to Due Process, "a plaintiff must demonstrate that there are minimum contacts between the defendant and the forum establishing that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *Swecker v. Midland Power Coop.,* 253 F. Supp. 3d 274, 278 (D.D.C. 2017)).

As Plaintiffs have not alleged *any* contacts between David Jones and the District of Columbia (and no contacts are apparent), requiring him to defend himself in this forum would clearly offend traditional notions of fair play and substantial justice. Indeed, the District is not a forum in which David Jones should have reasonably anticipated being haled into court. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

While Plaintiffs point to *Keeton* in support of their Due Process argument generally, the Supreme Court in *Keeton* noted that just because jurisdiction might exist over Hustler Magazine, Inc. did not necessarily mean that it would exist over Larry Flynt—the magazine's publisher, editor, and owner—or over L.F.P., Inc., Hustler's holding company. 465 U.S. at 781 n.13. According to the Court, "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him; nor does jurisdiction over a parent corporation automatically establish jurisdiction over a wholly owned subsidiary." *Id.* The Court

held, "Each defendant's contacts with the forum State must be assessed individually." *Id.*

In light of Plaintiffs' failure to allege any facts that would support jurisdiction over David Jones in the District of Columbia, the Court should dismiss David Jones for lack of jurisdiction.

## II. THE COURT SHOULD DISMISS THIS ACTION AGAINST DAVID JONES FOR IMPROPER VENUE

The District of Columbia is an improper venue for this action. Plaintiffs have failed to demonstrate otherwise. In support of their venue argument, Plaintiffs rely on 28 U.S.C. § 1391(b)(2), which provides, in pertinent part, for venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." (Opp. at 10.)

"[W]here 'the claim arose' should ... be ascertained by advertence to events having operative significance in the case, and a commonsense appraisal of the implications of those events for accessibility to witnesses and records." *Cockrum,* 319 F. Supp. 3d at 190 (quoting *Lamont v. Haig,* 590 F.2d 1124, 1134 (D.C. Cir. 1978)). "Peripheral and tangential events occurring in the district will not establish venue." *Id.* "[P]laintiffs must show that a considerable portion of the events took place in their chosen forum." *Id.* (quoting *Perlmutter v. Varone,* 59 F. Supp. 3d 107, 110 (D.D.C. 2014)).

None of the alleged events identified in the Complaint occurred in the District. Most, if not all, occurred in Texas. With respect to David Jones, Plaintiffs do not allege that he did anything in particular, much less in the District.

The District of Columbia is not a proper venue for this action.

## III. THE COURT SHOULD DISMISS THE COMPLAINT AGAINST DAVID JONES FOR FAILURE TO STATE A CLAIM AGAINST HIM

In their Complaint, Plaintiffs do not allege any specific action by David Jones against them. As such, none of the six counts in their Complaint states a claim for relief against David Jones.

### A. Plaintiffs Fail to Allege that David Jones Made or Published Any Defamatory Statements About Them

Counts 1 through 3 allege various forms of defamation. As Plaintiffs assert, there are four elements to a defamation claim—in essence, (1) making a false and defamatory statement concerning the plaintiff, (2) publishing it to a third party, (3) doing so with the requisite degree of fault, and (4) causing harm by the publication. (Opp. at 12-13.)

The inquiry as to David Jones, however, begins and ends with the fact that none of the allegedly defamatory statements identified in the Complaint is claimed to have been made or published by David Jones. Plaintiffs base their defamation claims on statements made in four videos. The first video, from October 26, 2018, concerns statements by Defendant Alex Jones only. (Compl. ¶¶ 42-47.) The second video, from January 18, 2019, involves an appearance by non-Defendant Roger Stone on *The War Room*, in which the only other person appearing was Defendant Owen Shroyer. (*Id.* ¶¶ 48-64.) All the allegedly defamatory statements referenced by Plaintiffs were by non-Defendant Stone. (*Id.*) The third video, from January 17, 2019, also involves statements by non-Defendant Stone only. (*Id.* ¶ 65.) The fourth video, from January 21, 2019, concerns statements on the *Alex Jones Show* by non-Defendant Stone and Defendant Alex Jones. (*Id.* ¶¶ 66-69.)

Plaintiffs do not allege that David Jones appeared in any of these videos or made any statements in these videos. In fact, the only reference to David Jones in any of the videos is non-Defendant Stone's statements that Plaintiff Corsi had been "lying about Dr. [David] Jones, who's one of the nicest, gentlest, sweetest, most honest men I have ever met," and that Plaintiff Corsi had "made up lies about David Jones." (*Id.* ¶¶ 66, 67.) There is no allegation that David Jones had anything to do with making or publishing any of the allegedly defamatory statements. In addition, Plaintiffs have offered no factual or legal basis upon which David Jones could be in any way

10

legally responsible for these statements. The best they can do is allege, in conclusory fashion, that Defendants and non-Defendant Stone somehow acted in concert. (*Id.* ¶ 70.) They offer nothing specific to support this sweeping and baseless assertion. *See Hourani v. Mirtchev,* 796 F.3d 1, 16 (D.C. Cir. 2015) ("The complaint claims that Mirtchev 'published or caused these statements to be published,' but it alleges no factual basis whatsoever for that charge.")

As a result, the allegations of a claimed conspiracy are insufficient as to David Jones and the others. *See Flowers v. Executive Off. of Pres.,* 142 F. Supp. 2d 38, 47 (D.D.C. 2001) (dismissing conspiracy claim where plaintiff "fail[ed] to allege any facts to support such a claim"); *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir. 1981) (holding that plaintiff "is required to allege something in the way of facts before his allegations of conspiracy may be deemed to state a claim ... mere conjecture that there has been a conspiracy is not enough").

To assert a claim for civil conspiracy, particularly in the First Amendment context, "[t]he complaint must set forth specific facts such as 'meetings, conferences, telephone calls or joint signatures on written recommendations ... to indicate a conspiracy.'" *Ramunno v. Cawley,* 705 A.2d 1029, 1039 (Del. 1998) (quoting *Petula v. Mellody,* 588 A.2d 103, 107 (Pa. Cmwlth. 1991)). The court in *Ramunno* affirmed the dismissal of the plaintiff's claim of conspiracy because the complaint "allege[d] only that the defendants acted in conjunction with the aim of publishing a defamatory news story" and failed to "set forth specific facts." *Id.*

The court in *Petula* similarly dismissed a conspiracy claim that "merely allege[d]" that defendants "acted in concert," "but fail[ed] to set forth any supporting facts such as meetings, conferences, telephone calls or joint signatures on written recommendations … to indicate a conspiracy" or otherwise "allege facts inferring conspiratorial conduct." 588 A.2d at 107.

Apart from Plaintiffs' failure to plead sufficient facts to support a conspiracy claim, to the

extent Plaintiffs contend that David Jones conspired with Free Speech Systems and his fellow employees Alex Jones and Owen Shroyer, such a claim would also be barred by the intracorporate conspiracy doctrine. That doctrine holds that "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Executive Sandwich Shoppe v. Carr Realty Corp.,* 749 A.2d 724, 739 (D.C. 2000); *Plummer v. Safeway,* 934 F. Supp. 2d 191, 198 n.4 (D.D.C. 2013) (noting plaintiff did not allege that any of the defendants acted outside the scope of their employment).

For these reasons, the Court should dismiss Counts 1 through 3 against David Jones.[6]

**B.    Plaintiffs Fail to Allege Any Actions by David Jones that Caused Emotional Distress or that Could be Considered an Assault**

As with the defamation claims, Count 4 for intentional infliction of emotional distress and Count 5 for assault fail to allege that David Jones, in particular, did anything to either Plaintiff to support these claims. With regard to Count 4, Plaintiffs focus on threats by non-Defendant Stone. Leaving aside whether such threats rise to the level of "extreme and outrageous conduct" to meet the elements of that claim, Plaintiffs, as discussed above, fail to allege any facts to support any alleged conspiracy involving David Jones and Roger Stone, among others. *See, supra,* p. 11. The same is true for Plaintiffs' Count 5 involving assault.

**C.    Plaintiffs Fail to Identify Any Statements by David Jones to Support Their Lanham Act Claim**

Count 6 asserts a claim for unfair competition, in violation of the Lanham Act, 15 U.S.C. § 1125(a), premised on Defendants' having made "false and/or misleading statements that have deceived and/or had the tendency to deceive a substantial segment of the receiving audience." (Compl. ¶ 106.) Once again, Plaintiffs have not identified *any* statements by David Jones. Plaintiffs

---

[6] David Jones believes the alleged statements are not actionable defamation for other reasons and directs the Court to the memoranda from the other Defendants for further discussion.

12

also have not alleged any connection between the statements identified in the Complaint and David Jones. For these reasons alone, the Court should dismiss Count 6 against David Jones.

## CONCLUSION

While it is not entirely clear why Plaintiffs included David Jones as a Defendant in this lawsuit given their failure to identify even one action by him that has any bearing on any of the events giving rise to their claims, it is clear that Plaintiffs have failed to state a claim for relief against David Jones. In addition, they have failed to offer any basis for subjecting David Jones to the jurisdiction of this Court, some 1,500 miles from his home in Texas. They do not allege any connection between David Jones and the District of Columbia.

For these reasons, the Court should dismiss the case against David Jones for lack of jurisdiction as well as failure to state a claim against him. Moreover, under the circumstances, the Court should reject Plaintiffs' counsel's request (Opp. at 26) for an award of attorney's fees in his favor.

May 20, 2019                                                                           Respectfully submitted,

*s/David S. Wachen*
David S. Wachen (DC Bar No. 441836)
WACHEN LLC
11605 Montague Court
Potomac, MD  20854
(240) 292-9121
(f) (301) 259-3846
david@wachenlaw.com

*Counsel for Defendant David Jones*

**Certificate of Service**

On May 20, 2019, I caused the foregoing to be filed electronically using the Court's electronic case filing system. Notice of this filing will be sent to counsel of record using the Court's electronic notification system.

*s/David S. Wachen*
David S. Wachen
