Jay M. Wolman (D.C Bar No. 473756)
Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: (702) 420-2001
ecf@randazza.com

*Counsel for Defendants Alex E. Jones, Owen Shroyer, Free Speech Systems, LLC, and Infowars, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | |
|---|---|
| **DR. JEROME CORSI** and **LARRY KLAYMAN**, <br><br> Plaintiffs, <br><br> vs. <br><br> **INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, ALEX E. JONES, DAVID JONES,** and **OWEN SHROYER**, <br><br> Defendants. | CIVIL ACTION NO. 1:19-cv-00656-CJN <br><br> **NOTICE OF SUPPLEMENTAL AUTHORITIES** |

Defendants Infowars, LLC, Free Speech Systems, LLC, Alex E. Jones, and Owen Shroyer, hereby give notice of the following supplemental authorities related to Defendants' pending Motion to Dismiss (Doc. No. 7) for, *inter alia*, lack of personal jurisdiction:

1) Order granting Corrected Motion to Dismiss of Defendant Peter T. Santilli in *Klayman v. Santilli,* Case No. 2019 CA 000896 B (D.C. Sup. Ct. Oct. 10, 2019), a copy of which is filed herewith as "**Exhibit A**"; and

2) Order granting Corrected Motion to Dismiss of Defendant Deborah Jordan in *Klayman v. Santilli,* Case No. 2019 CA 000896 B (D.C. Sup. Ct. Oct. 10, 2019), a copy of which is filed herewith as "**Exhibit B**".

In those orders, the D.C. Superior Court ruled that Plaintiff Larry Klayman could not prosecute defamation claims against Peter Santilli and Deborah Jordan in the courts of the District of Columbia for lack of personal jurisdiction. In that case, as here, the defamatory statements were not made in the District of Columbia and the defendants lacked sufficient minimum contacts to confer jurisdiction under the Constitutional due process requirements. Mere publication over the internet was insufficient to establish jurisdiction and the conspiracy theory of personal jurisdiction lacked record evidence or precedent. Thus, the claims against both defendants were dismissed.

Dated: October 23, 2019.                           Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman
(D.D.C. Bar No. 473756)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
Email: ecf@randazza.com

Marc J. Randazza
*pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Tel: (702) 420-2001
Email: ecf@randazza.com

*Attorneys for Defendants Alex E. Jones, Owen Shroyer, Free Speech Systems, LLC, and Infowars, LLC*

Civil Action No. 1:19-cv-00656-ESH

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was filed and served upon all parties of record on October 23, 2019 by CM/ECF, the court's electronic filing system.

/s/ Jay M. Wolman
Jay M. Wolman

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| LARRY KLAYMAN, | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Case No. 2019 CA 000896 B |
| | ) | Calendar 13 |
| v. | ) | Judge John M. Campbell |
| | ) | |
| PETER T. SANTILLI, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## ORDER

This is before the Court on Defendant Peter T. Santilli's Opposed, Corrected Motion to Dismiss Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction and Rule 12(b)(6) for Failure to State a Claim and Motion to Dismiss for *Forum Non Conveniens* ("Motion" or "Motion to Dismiss"). Upon review of the Motion, the plaintiff's Opposition, the Amended Complaint, and the record, the portion of the Motion that seeks dismissal for lack of personal jurisdiction is **GRANTED** for the following reasons.

### FACTUAL BACKGROUND

Defendant Peter T. Santilli ("Mr. Santilli" or "Defendant Santilli") is a journalist and talk show host who resides in Cincinnati, Ohio. Mr. Santilli and Defendant Deborah Jordan ("Ms. Jordan" or "Defendant Jordan") co-host and co-produce *The Pete Santilli Show*, an Internet-based conservative talk show. *The Pete Santilli Show* is produced in Cincinnati, Ohio, and is published on YouTube and on the show's website. The plaintiff, Mr. Larry Klayman, is an attorney and conservative radio talk show host.

This action arose from the plaintiff's apparent belief that the defendants and Mr. Roger Stone, who was recently indicted on felony charges by Special Counsel Robert Mueller, are

1

working in concert to threaten and defame both the plaintiff and his client, Dr. Jerome Corsi. In the Complaint, the plaintiff alleges that Mr. Santilli filed a "false" ethics complaint against Mr. Klayman with the District of Columbia Office of Bar Disciplinary Counsel (the "ODC Complaint"). Am. Compl. 7 ¶ 19. According to the plaintiff, the ODC Complaint states that Mr. Klayman promised and then failed to represent Mr. Santilli in a suit against federal Judge Gloria Navarro, Senator Harry Reid, and President Barack Obama for Mr. Santilli's unlawful detention after a 2014 "stand-off" with federal law enforcement at a Bunkerville, Nevada ranch. Am. Compl. 9 ¶ 25. The ODC Complaint, which was not provided to the Court as an exhibit, also allegedly states that the plaintiff forwarded Mr. Santilli's legal strategy and discovery material to then-Attorney General Jeff Sessions. Am. Compl. 10 ¶ 27-28.

The plaintiff further alleges that Mr. Santilli published a copy of the ODC Complaint on his website, discussed the statements in the ODC Complaint with journalist Jason Goodman, and made further alleged defamatory statements in multiple YouTube videos. Am. Compl. 10-11 ¶ 29-35. In a January 28, 2019 video posted on YouTube titled *Major Complaint Filed Against Jerome Corsi's Atty Larry Klayman – Roger Stone Live w/Pete Santilli*, Mr. Santilli allegedly made several defamatory statements, including that Mr. Klayman "exploited" and "took money" from Cliven Bundy, and that Mr. Klayman is a "PR guy" who files lawsuits "to get notoriety and fame." Am. Compl. 12 ¶ 39; 14 ¶ 44. The plaintiff then filed the original Complaint in this matter, on February 9, 2019. On March 8, 2019, plaintiff filed the Amended Complaint in order to add Ms. Jordan as an additional defendant and allege further defamatory statements by Mr. Santilli in a February 19, 2019 YouTube video, *Major Announcement – Attorney Larry Klayman Files $15 Mil Lawsuit Against Pete Santilli*. Am. Compl. 15 ¶ 48.

The plaintiff alleges that both the ODC Complaint and the statements made in the YouTube videos represent a joint effort by the defendants and Mr. Stone to "destroy… Klayman's professional image and reputation, as well as his legal practice." Am. Compl. 18 ¶ 61. The plaintiff brings this action against both defendants for defamation, defamation per se, defamation by implication, intentional infliction of emotional distress, and assault.

## LEGAL STANDARD

On a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant. *See Hourani v. PsyberSolutions LLC*, 164 F.Supp.3d 128, 135 (D.D.C. 2016) (citing *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454. 456 (D.C. Cir. 1990)). This requires the plaintiff to "allege specific acts connecting the defendant with the forum." *Id.* (citing *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001)). When bringing a complaint against multiple defendants, a plaintiff cannot aggregate the forum contacts of the defendants to establish personal jurisdiction over any single defendant. *Id.* (citing *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980)).

Because Mr. Santilli is not "domiciled in, organized under the laws of, or maintaining his principal place of business in" the District, within the meaning of the District of Columbia's general jurisdiction statute, D.C. Code § 13-422, the appropriate standard is the District's "long arm statute," *id.* at § 13-423. That statute provides, in relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over any person, who acts directly or by an agent, to a claim for relief arising from the person's–
> (1) transacting any business in the District of Columbia;
> …
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

To exercise this "long-arm jurisdiction" a court must also satisfy constitutional due process requirements. Under the Due Process Clause of the Fourteenth Amendment, personal jurisdiction may be exercised over a nonresident defendant only if he has "purposely established minimum contacts with the forum State," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985), "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice," *Int'l Shoe Co. v. Washington*, 362 U.S. 310, 316 (1945). These "minimum contacts" cannot be based on attenuated contact with the forum state; instead, a defendant must "purposefully avail" himself of the benefits of the forum. *Burger King*, 471 U.S. at 475-76.

## ANALYSIS

The plaintiff alleges that Mr. Santilli made defamatory statements against him, both by submitting the ODC Complaint and by making several statements on The Pete Santilli Show. The ODC Complaint was submitted from Mr. Santilli's domicile in Ohio to the District of Columbia. Similarly, the other alleged defamatory statements were made outside the District and only reach this forum through their publication on the Internet. The Court agrees with Mr. Santilli that this is insufficient to establish personal jurisdiction over him in the District of Columbia.

The plaintiff claims that the Court may exercise personal jurisdiction over Mr. Santilli under either D.C. Code § 13-423(a)(1) or § 13-423(a)(4). D.C. Code § 13-423(a)(1) establishes jurisdiction over a person transacting any business in the District, while § 13-423(a)(4) requires tortious injury in the District by someone who engages in a persistent course of conduct or derives substantial revenue from the District of Columbia. The plaintiff's claims here do not

4

meet either jurisdictional test, because Defendant Santilli's alleged actions do not involve the "minimum contacts" with the District that the Due Process Clause requires in order for this Court to exercise personal jurisdiction over him. District of Columbia courts have repeatedly held that defamatory statements published on the Internet by nonresidents cannot give rise to personal jurisdiction within the District. *See, e.g.*, *Hourani*, 164 F.Supp.3d at 136-39 (finding that alleged defamatory speech by nonresidents posted to Facebook, YouTube, and Twitter did not give rise to personal jurisdiction in the District); *Copeland-Jackson v. Oslin*, 555 F.Supp.2d 213, 215-17 (D.D.C. 2008) (finding that alleged defamatory statements published on an Ohio newspaper's website did not subject defendants to personal jurisdiction in the District). *See also McFarlane v. Esquire Magazine*, 74 F.3d 1296, 1300 (D.C. Cir. 1996) ("*[W]riting* an article for a publication that is circulated throughout the nation, including the District, hardly constitutes doing or soliciting business, or engaging in a persistent course of conduct, *within* the District.").

In the Opposition, the plaintiff argues that both Mr. Santilli's alleged defamatory statements made on Youtube and his contribution to *The Pete Santilli Show* subject him to jurisdiction in the District of Columbia. Both Mr. Santilli's statements and *The Pete Santilli Show* were made outside the forum; through the Internet, they can now be accessed from anywhere in the world, including from the District. District of Columbia jurisprudence clearly holds that engaging in speech on the Internet that may later be accessed within the District does not establish personal jurisdiction in this Court. *See, e.g.*, *Hourani*, 164 F.Supp.3d at 136-39. Nor is *The Pete Santilli Show* a "business transaction" under D.C. Code § 13-423(a)(1), as the plaintiff argues; merely recording an Internet radio show for a potentially global audience is not the type of targeted "purposeful availment" required for personal jurisdiction. *See Burger King*, 471 U.S. at 475-76. Further, as in *GTE New Media Servs. v. BellSouth Corp.*, where the District

of Columbia Court of Appeals lacked jurisdiction based on defendants' Internet Yellow Pages, "there is nothing here to indicate that District residents actually engage in any business transaction with" Mr. Santilli. 199 F.3d 1343, 1350 (D.C. 2000).

The plaintiff also argues that Mr. Santilli's filing the ODC Complaint establishes personal jurisdiction over him because, under D.C. Code § 13-423(a)(3), submitting the ODC Complaint was tantamount to "causing tortious injury by an act… inside the District of Columbia." Opp'n 4. This Court disagrees. Mr. Santilli prepared the ODC Complaint from his home in Ohio and faxed it into the District. Mot. to Dismiss Mem. 1. As Defendant Santilli asserts in the Motion, filing an ethics complaint with the ODC is analogous to "placing a phone call, or mailing a letter, from a location outside the District to a destination inside the District." *Id.* District of Columbia courts have consistently held that alleged defamation in such communications occurs in the forum where it originated for purposes of the District's long-arm statute. *See, e.g., Stoddard v. Carlin*, 799 F.Supp.2d 57, 61-62 (D.D.C. 2011) (finding no personal jurisdiction where plaintiff's ex-wife sent allegedly defamatory letter from Maryland to the District of Columbia Committee on Admissions); *Charlton v. Mond*, 987 A.2d 436, 438-39 (D.C. 2010) (finding no personal jurisdiction based on defendant's allegedly defamatory phone call from Maryland to the District); *Margoles v. Johns*, 483 F.2d 1212, 1217-22 (D.C. Cir. 1973) (finding no personal jurisdiction based on defendant's allegedly slanderous phone call from Wisconsin to the District). Based on the District's jurisprudence, it is clear that Mr. Santilli's filing of the ODC Complaint is insufficient to subject him to personal jurisdiction in this Court.

The plaintiff has failed to articulate any factual or legal basis to exercise personal jurisdiction over Mr. Santilli, and therefore, he will be dismissed from this case. Accordingly, it is this 10th day of October, 2019, hereby

**ORDERED**, that Defendant Santilli's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**; and it is further

**ORDERED**, that this case is **DISMISSED**.

_____
**John M. Campbell**
Associate Judge

**Copies to:**

Larry E. Klayman, Esq.
Stephen D. Juge, Esq.

*Via CaseFileXpress*

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| LARRY KLAYMAN, | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Case No. 2019 CA 000896 B |
| | ) | Calendar 13 |
| v. | ) | Judge John M. Campbell |
| | ) | |
| PETER T. SANTILLI, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## ORDER

This is before the Court on Defendant Deborah Jordan's Opposed, Corrected Motion to Dismiss Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction and Rule 12(b)(6) for Failure to State a Claim and Motion to Dismiss for *Forum Non Conveniens* ("Motion" or "Motion to Dismiss"). Upon review of the Motion, the plaintiff's Opposition, the Amended Complaint, and the record, the portion of the Motion that seeks dismissal for lack of personal jurisdiction is **GRANTED** for the following reasons.

## FACTUAL BACKGROUND

Defendant Deborah Jordan ("Ms. Jordan" or "Defendant Jordan") is an independent media journalist and syndicated talk show host who resides in Cincinnati, Ohio. Ms. Jordan and Defendant Peter T. Santilli ("Mr. Santilli" or "Defendant Santilli") co-host and co-produce *The Pete Santilli Show*, an Internet-based conservative talk show. *The Pete Santilli Show* is produced in Cincinnati, Ohio, and is published on YouTube and on the show's website. The plaintiff, Mr. Larry Klayman, is an attorney and conservative radio talk show host.

This action arose from the plaintiff's apparent belief that the defendants and Mr. Roger Stone, who was recently indicted on felony charges by Special Counsel Robert Mueller, are

1

working in concert to threaten and defame both the plaintiff and his client, Dr. Jerome Corsi. In the Complaint, the plaintiff specifically identifies three alleged defamatory statements made by Ms. Jordan:

(1) On February 21, 2019, a post on Ms. Jordan's Facebook page reading: "ROGER STONE IS NOT THE TARGET TRUMP IS ANYWONE [*sic*] WORKING WITH MUELLER TO MAKE THAT HAPPEN – IS THE ENEMY." Am. Compl. 17 ¶ 56.

(2) On February 21, 2019, a few hours later, a post on Ms. Jordan's Facebook page reading: "LARRY KLAYMAN IS COOPERATING WITH MUELLER LARRY KLAYMAN IS COOPERATING WITH MUELLER LARRY KLAYMAN IS COOPERATING WITH MUELLER LARRY KLAYMAN IS COOPERATING WITH MUELLER." Am. Compl. 17 ¶ 57.

(3) On February 19, 2019, a YouTube video titled *Major Announcement – Attorney Larry Klayman Files $15 Mil Lawsuit Against Pete Santilli*, in which Ms. Jordan allegedly stated: "[I]t [is] a shame that a journalist [cannot] give an opinion without being sued by [the plaintiff]." Am. Compl. 17 ¶ 58.[1]

The Complaint also alleges that Ms. Jordan and Mr. Santilli are "joint tortfeasors," and that therefore, Ms. Jordan is liable for Mr. Santilli's alleged defamatory speech, particularly an ethics complaint against the plaintiff that Mr. Santilli filed with the District of Columbia Office of Bar Disciplinary Council (the "ODC Complaint"). The plaintiff brings this action against both defendants for defamation, defamation per se, defamation by implication, intentional infliction of emotional distress, and assault.

## LEGAL STANDARD

On a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant. *See Hourani v. PsyberSolutions LLC*, 164 F.Supp.3d 128, 135 (D.D.C. 2016) (citing *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454. 456 (D.C. Cir. 1990)). This requires the plaintiff to "allege

---

[1] The original Complaint in this matter, filed on February 9, 2019, named Mr. Santilli as its only defendant. On March 8, 2019, shortly after Ms. Jordan's statements of February 19 and 21, Mr. Klayman filed the Amended Complaint against both Mr. Santilli and Ms. Jordan.

specific acts connecting the defendant with the forum." *Id.* (citing *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001)). When bringing a complaint against multiple defendants, a plaintiff cannot aggregate the forum contacts of the defendants to establish personal jurisdiction over any single defendant. *Id.* (citing *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980)).

Because Ms. Jordan is not "domiciled in, organized under the laws of, or maintaining [her] principal place of business in" the District, within the meaning of the District of Columbia's general jurisdiction statute, D.C. Code § 13-422, the appropriate standard is the District's "long arm statute," *id.* § 13-423. That statute provides, in relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over any person, who acts directly or by an agent, to a claim for relief arising from the person's–
> (1) transacting any business in the District of Columbia;
> …
> (4) causing tortious injury in the District of Columbia if he [i] regularly does or solicits business, [ii] engages in any other persistent course of conduct or [iii] derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

To exercise this "long-arm jurisdiction" a court must also satisfy constitutional due process requirements. Under the Due Process Clause of the Fourteenth Amendment, personal jurisdiction may be exercised over a nonresident defendant only if he has "purposely established minimum contacts with the forum State," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985), "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice," *Int'l Shoe Co. v. Washington*, 362 U.S. 310, 316 (1945). These "minimum contacts" cannot be based on attenuated contact with the forum state; instead, a defendant must "purposefully avail" himself of the benefits of the forum. *Burger King*, 471 U.S. at 475-76.

ANALYSIS

The plaintiff alleges that Ms. Jordan made three defamatory statements against him: two on her Facebook page, and one on a YouTube video. These alleged defamatory statements were made outside the District of Columbia and only reach this forum through their publication on the Internet. The Court agrees with Ms. Jordan that this is insufficient to establish personal jurisdiction over her in the District.

The plaintiff claims that the Court may exercise personal jurisdiction over Ms. Jordan under either D.C. Code § 13-423(a)(1) or § 13-423(a)(4). D.C. Code § 13-423(a)(1) establishes jurisdiction over a person transacting any business in the District, while § 13-423(a)(4) requires tortious injury in the District (through an act occurring outside the District) by someone who engages in a persistent course of conduct or derives substantial revenue from the District of Columbia. The plaintiff's claims here do not meet either jurisdictional test, because Defendant Jordan's alleged actions do not involve the "minimum contacts" with the District that the Due Process Clause requires in order for this Court to exercise personal jurisdiction over her. District of Columbia courts have repeatedly held that defamatory statements published on the Internet by nonresidents cannot give rise to personal jurisdiction within the District. *See, e.g.*, *Hourani*, 164 F.Supp.3d at 136-39 (finding that alleged defamatory speech by nonresidents posted to Facebook, YouTube, and Twitter did not give rise to personal jurisdiction in the District); *Copeland-Jackson v. Oslin*, 555 F.Supp.2d 213, 215-17 (D.D.C. 2008) (finding that alleged defamatory statements published on an Ohio newspaper's website did not subject defendants to personal jurisdiction in the District). *See also McFarlane v. Esquire Magazine*, 74 F.3d 1296, 1300 (D.C. Cir. 1996) ("*[W]riting* an article for a publication that is circulated throughout the

nation, including the District, hardly constitutes doing or soliciting business, or engaging in a persistent course of conduct, *within* the District.").

Ms. Jordan posted two comments on her Facebook page, and made another statement in a YouTube video; through the Internet, these statements can now be accessed from anywhere in the world, including from the District. Based on the clear jurisprudence of the District of Columbia courts, these actions are not enough to establish the necessary "purposeful availment" of this forum's benefits to subject her to personal jurisdiction. *See Burger King*, 471 U.S. at 475-76. Nor does Ms. Jordan's participation in *The Pete Santilli Show* establish the requisite "minimum contacts." The plaintiff argues in the Opposition that Ms. Jordan's contribution to the show, which is "broadcasted" in the District via the Internet, is a business transaction that subjects her to personal jurisdiction under D.C. Code § 13-423(a)(1). Opp'n 4-6. However, as explained above, engaging in speech on the Internet that may later be accessed within the District does not establish personal jurisdiction in this Court. *See, e.g., Hourani*, 164 F.Supp.3d at 136-39.

In the Opposition, the plaintiff also argues that, because Ms. Jordan is "working in concert" with both Mr. Santilli and Mr. Stone to "discredit, defame, and smear" Mr. Klayman, she is subject to personal jurisdiction in the District by virtue of this alleged "conspiracy." Opp'n 6-8. Under the "conspiracy theory" of personal jurisdiction, defendants who never enter the forum can nevertheless be subject to personal jurisdiction due to their co-conspirators' acts within the forum. *Family Fed'n for World Peace and Unification v. Hyun Jin Moon*, 2013 D.C. Super. LEXIS 10, *30-31 (D.C. Super. Ct. Oct. 28, 2013), *rev'd in part on other grounds*, 129 A.3d 234 (D.C. 2015) (citing *Second Amendment Found.*, 274 F.3d at 523).

5

This argument fails for four reasons. First, in a separate Order, this Court concludes that it lacks personal jurisdiction over Mr. Santilli. Second, the plaintiff does not bring a claim for civil conspiracy in the Complaint; the Complaint refers to Mr. Santilli as Ms. Jordan's "co-conspirator" once, but does not adequately plead the elements of such a claim. Am. Compl. 14 ¶ 46. Third, any retroactive claim for civil conspiracy that the plaintiff attempts to make in the Opposition is unsupported by any specific record evidence. Fourth, the District of Columbia "has neither directly considered nor accepted the conspiracy theory of personal jurisdiction." *Moon*, 2013 D.C. Super LEXIS at *31 (citing *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 427 n.1 (D.C. 1991) (Silberman, J., concurring) ("[W]e have not been told by the District of Columbia Court of Appeals whether § 13-423(a)(3) encompasses the conspiracy theory.")).

The plaintiff has failed to articulate any factual or legal basis to exercise personal jurisdiction over Ms. Jordan, and therefore, she will be dismissed from this case. Accordingly, it is this 10th day of October, 2019, hereby

**ORDERED**, that Defendant Jordan's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**.

*/s/ John M. Campbell*
John M. Campbell
Associate Judge

**Copies to:**

Larry E. Klayman, Esq.
Stephen D. Juge, Esq.

*Via CaseFileXpress*