Jay M. Wolman (D.C Bar No. 473756)
Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: (702) 420-2001
ecf@randazza.com

*Counsel for Defendants Alex E. Jones, Owen Shroyer, Free Speech Systems, LLC, and Infowars, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

| | |
|---|---|
| **DR. JEROME CORSI** and **LARRY KLAYMAN**, <br><br> Plaintiffs, <br><br> vs. <br><br> **INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, ALEX E. JONES, DAVID JONES,** and **OWEN SHROYER**, <br><br> Defendants. | CIVIL ACTION NO. 1:19-cv-00656-CJN <br><br> **RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITIES** |

Notices of supplemental authority are for putting the court on notice of cases that were not available at the time of filing. The cases cited by Plaintiffs from 9 and 21 years ago certainly were available when Plaintiffs filed their initial opposition this past Spring. Those were as factually distinguishable and non-persuasive then as now.[1]

Notices of supplemental authority are not for re-briefing or filing supplemental memoranda of law. As eloquently summarized by the Eastern District of Virginia:

> Ordinarily the purpose for filing a notice of supplemental authority is to alert the court to case law that was unavailable to the parties when making a previous filing,

---

[1] *Accord Elsalameen v. Bank of Palestine, P.L.C.,* 2019 U.S. Dist. LEXIS 162137, *9 (D.D.C. Sept. 4, 2019) ("That case [*Blumenthal v. Drudge*, 992 F. Supp. 44, 57 (D.D.C. 1998)], is plainly distinguishable because in exercising

but is relevant to the court's consideration on the matter. *Sisk v. Abbot Labs*, No. 1:11CV159, 2012 WL 1164559, at *1 (W.D.N.C. Apr. 9, 2012) ("[A] notice of supplemental authority [is] commonly used in the federal court system to alert the Court to a decision of another court issued after the close of the briefing period."). It is improper to assert argument regarding cited authority when filing such a notice. *See McGee v. Cole*, 993 F. Supp. 2d 639, 644 (S.D.W.Va.2014)(considering a notice of supplemental authority: "[T]he Court allows the exhibits but strikes any legal argument presented in the memorandum accompanying the exhibits"); *United Broad. Corp. v. Miami Tele-Commc'ns, Inc.*,140 F.R.D. 12, 13 (S.D. Fla. 1991) ("[A] 'notice of supplemental authority' that raises an argument that is not in defendant's previous memorandum in opposition is in fact an attempt at a sur-response, which is not permitted in the absence of court order"); *Hagens Berman Sobol Shapiro LLP v. Rubinstein*, No. C09-0894RSM, 2009 WL 3459741, at *1(W.D. Wash.Oct. 22, 2009)("Th[e] notice of supplemental authority was improper first because it contained argument regarding the case, and second because the case was decided before the [defendants'] filed their Motion to Dismiss, Stay, or Transfer.")

*Ashghari-Kamrani v. United Servs. Auto. Ass'n,* No. 2:15-cv-478 (E.D. Va. Mar. 9, 2016); *see also Girard v. Aztec RV Resort, Inc.*, No. 10-62298-CIV, 2011 WL 4345443, at *2 (S.D. Fla. Sept. 16, 2011) ("[S]upplemental filings should direct the Court's attention to legal authority or evidence that was not available to the filing party at the time that that party filed the original brief to which the subsequent supplemental filing pertains. They should further note the argument to which the legal authorities or evidence relate. Beyond that, however, supplemental filings should do nothing more. Put simply, notices of supplemental authority should not make legal argument.")

If the Court would like a more substantive response to the Plaintiffs' Notice (Doc. No. 17), the Defendants will provide one. However, Defendants decline to allow Plaintiffs to set the tone and agenda of how this case will be litigated.

Dated: October 25, 2019.            Respectfully submitted,

                                     /s/ Jay M. Wolman
                                     Jay M. Wolman

---

personal jurisdiction, the *Drudge* court weighed heavily the fact that the defendant wrote about ''inside the Beltway' gossip and rumor' and even solicited content from District of Columbia residents and officials. Such facts showing that District residents were specifically targeted are absent here.") *See also Parisi v. Sinclair,* 806 F. Supp. 2d 93, 97 (D.D.C. 2011*)* ("Moreover, other District Judges in our Circuit have required at least some other non-internet related contacts between the defendant and the forum.") In *Parisi*, Judge Leon cited to both the *Drudge* case and the *SPLC* case cited by Plaintiffs in dismissing for lack of personal jurisdiction in the absence of such non-internet contacts.

(D.D.C. Bar No. 473756)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
Email: ecf@randazza.com

Marc J. Randazza
*pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Tel: (702) 420-2001
Email: ecf@randazza.com

*Attorneys for Defendants Alex E. Jones, Owen Shroyer, Free Speech Systems, LLC, and Infowars, LLC*

Civil Action No. 1:19-cv-00656-ESH

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document was filed and served upon all parties of record on October 25, 2019 by CM/ECF, the court's electronic filing system.

/s/ Jay M. Wolman
Jay M. Wolman