**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DR. JEROME CORSI and LARRY KLAYMAN,

Plaintiffs,

v.

INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, ALEX E. JONES, DAVID JONES, and OWEN SHROYER,

Defendants.

Civ. Act. No.: 1:19-cv-00656-ESH

**DEFENDANT DAVID JONES'S RESPONSE TO**
**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs filed a Notice of Supplemental Authority (ECF No. 17) about two reported cases decided 9 and 21 years ago. If, as Plaintiffs contend, they "bear a shockingly close resemblance to the instant case" (Pls. Not. at 4), why were they omitted from Plaintiffs' Opposition filed on May 13, 2019? Plaintiffs' Notice amounts to a surreply brief, which is not permitted by this Court's Local Rules, and should be stricken for that reason alone. Moreover, Notices of Supplemental Authority are generally for informing the Court about cases decided *after* briefing. (*See, e.g.*, Defs.' Not. (ECF No. 16) (regarding two D.C. Superior Court decisions from October 10, 2019).)

Plaintiffs' Notice simply underscores why Defendant David Jones—a citizen of Texas with no connection to the District of Columbia—does not belong in this lawsuit. Because Plaintiffs have not alleged *any* connection between David Jones and the District, none of the court's findings referenced from *Lewy v. Southern Poverty Law Center*, 723 F. Supp. 2d 116 (D.D.C. 2010), supports subjecting David Jones to this Court's jurisdiction. In fact, in *Lewy*, which involved a defamation claim against an author from Alabama of a journal article and the journal's publisher,

the court dismissed, on jurisdictional grounds, the author who had called someone in the District, occasionally written articles for publications distributed in the District, and visited the District four times in eight years. *Id.* at 122, 129-30. Plaintiffs do not allege that David Jones has ever been to the District, has any connection to the District, has made any defamatory statements about Plaintiffs, or has done anything else to Plaintiffs.[1]

Likewise, none of the factors referenced from *Blumenthal v. Drudge*, 992 F. Supp. 44 (D.D.C. 1998), applies to David Jones here. Plaintiffs have not alleged otherwise.

Once again, Plaintiffs fail to offer any basis for subjecting David Jones to the jurisdiction of this Court.

November 1, 2019

Respectfully submitted,

*s/David S. Wachen*

David S. Wachen (DC Bar No. 441836)
WACHEN LLC
11605 Montague Court
Potomac, MD 20854
(240) 292-9121
(f) (301) 259-3846
david@wachenlaw.com

*Counsel for Defendant David Jones*

[1] Indeed, David Jones's only mention in Plaintiffs' Opposition is in a quote from a non-party accusing Plaintiff Corsi of "ma[king] up lies *about* David Jones." (Opp. at 23 (emphasis added).)

**Certificate of Service**

On November 1, 2019, I caused the foregoing to be filed electronically using the Court's electronic case filing system. Notice of this filing will be sent to counsel of record using the Court's electronic notification system.

*s/David S. Wachen*
David S. Wachen